IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DORA M.,[1] | )<br>) |
| Plaintiff, | )<br>)<br>) No. 23 C 14365 |
| v. | )<br>) |
| MICHELLE KING, Acting | ) Magistrate Judge<br>) Daniel P. McLaughlin |
| Commissioner of Social Security,[2] | ) |
| Defendant. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Dora M.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [17] is granted in part, and the Commissioner's cross-motion for summary judgment [18] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Michelle King has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On August 20, 2015, Plaintiff filed claims for DIB and SSI, alleging disability since January 24, 2015. Following a hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision on December 11, 2017. The Social Security Administration Appeals Council then remanded the matter. Another ALJ issued an unfavorable decision on March 24, 2020. The District Court then remanded the matter again. A third ALJ held a telephonic remand hearing on April 12, 2023, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On July 5, 2023, the ALJ again denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Appeals Council then denied Plaintiff's request for review, leaving the ALJ's July 5, 2023 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

In the ALJ's July 5, 2023 decision, Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of January 24, 2015. At step two, the ALJ concluded that Plaintiff had the following

2

severe impairments: mild degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; obesity; obstructive sleep apnea; left shoulder mild bursitis/rotator cuff; hypertension; depression; and anxiety. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can never climb ladders, ropes, or scaffolds; can frequently climb ramps or stairs; can frequently balance and crouch and occasionally crawl; must avoid concentrated exposure to unprotected heights and hazards; can perform no overhead reaching with her left upper extremity; can carry out simple, 1-2 step tasks and can sustain attention, concentration, persistence, and pace to perform such tasks; and can deal with the structure of a work routine, follow work rules, and make ordinary decisions. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a parts clerk or stock clerk. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

**DISCUSSION**

I.   **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow

5

. . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

### III.  ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erroneously rejected the opinions of Plaintiff's treating physician and treating nurse practitioner; (2) the ALJ did not properly evaluate Plaintiff's need for the option to alternate between sitting and standing; and (3) the ALJ erred in evaluating Plaintiff's subjective symptoms.

In advancing her third argument, Plaintiff contends, *inter alia*, that the ALJ erred in discounting her subjective symptoms on the basis that she underwent "conservative" treatment. ([17] at 16-17.) Pertinent to that assertion, in summarizing the medical evidence, the ALJ stated in his decision that Plaintiff "treated with multiple conservative modalities including medications, injections,

6

physical therapy, occupational therapy, and a CPAP machine with some relief from her symptoms." (R. 1600.) In later finding that "the longitudinal evidence of record does not support the claimant's allegations," the ALJ similarly reasoned that Plaintiff received "conservative treatment" and "routine and conservative care consisting of medication management, injections, physical therapy, occupational therapy, and a CPAP machine." (*Id.* at 1604.) However, the ALJ noted earlier in passing Plaintiff's testimony that "her doctor wanted to do a fusion surgery" but "it was delayed." (*Id.* at 1599.)

The Court agrees with Plaintiff that the ALJ's symptom assessment vis-à-vis her course of treatment was erroneous. "Although a history of sporadic treatment or the failure to follow a treatment plan can undermine a claimant's credibility, an ALJ must first explore the claimant's reasons for the lack of medical care before drawing a negative inference." *Nanet R. v. Kijakazi*, No. 20 C 3304, 2023 WL 3479181, at *3 (N.D. Ill. May 16, 2023) (citations omitted). As Plaintiff points out, the ALJ's characterization of her testimony concerning surgery is incomplete. More accurately, Plaintiff testified that three different providers recommended surgery for her lower back, but it was denied by her insurance. (R. 1656.) Plaintiff further testified that her doctor later explained that it was too late for surgery to be effective and it would likely make her pain worse. (*Id.*) In characterizing Plaintiff's treatment as "conservative" – and failing to grapple with this evidence – the ALJ erred. *See Monique B. v. Saul*, No. 19 C 652, 2020 WL 4208112, at *7 (N.D. Ill. July 22, 2020) ("And at least one doctor concluded that Monique would need knee

7

replacement surgery in the future. The ALJ's conclusion that Monique's treatment was 'quite conservative' is accordingly not a valid basis of support for discounting Monique's credibility."); *See Nanet R.*, 2023 WL 3479181 at *3 ("As to plaintiff's conservative treatment, the ALJ noted that plaintiff was referred for a surgical consultation in May 2017 but that she never underwent the surgery and that her additional treatment for her carpal tunnel syndrome was 'sparse.' However, the ALJ did not explore the reasons for plaintiff's lack of medical care following the surgical referral.") (citation omitted). The ALJ's errors in that regard require that this matter be remanded. *See Monique B.*, 2020 WL 4208112 at *7 (finding remand necessary where "the ALJ discredited Monique in light of his lay perception that her treatment was conservative in nature, while misstating the record regarding her need for follow-up appointments and surgery"); *Mary Frances B. v. Saul*, No. 19 C 00072, 2020 WL 2542160, at *2 (N.D. Ill. May 19, 2020) ("[The ALJ] did not consider Plaintiff's explanation for not obtaining surgery due to this disorder before drawing a negative inference. This was error.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the medical opinions are properly weighed, Plaintiff's alleged need to alternate

8

positions is appropriately evaluated, and Plaintiff's subjective symptoms are properly assessed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [17] is granted in part, and the Commissioner's cross-motion for summary judgment [18] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**   **ENTERED:**

**DATE:    January 24, 2025**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**

9